No. 8483. FEBRUARY 17, 1932.

## ADAMS et al. v. BISHOP et al.

No. 8494. FEBRUARY 17, 1932.

*Lowndes Calhoun* and *M. Smith,* for plaintiffs in error.

*Lawrence S. Camp, Frank T. Grizzard,* and *H. F. Sharp,* contra.

BECK, P. J. W. R. Bishop filed his equitable petition against W. M. and W. B. Adams, the plaintiffs in error, praying for the appointment of a receiver, etc. Upon the hearing, after evidence submitted, the court appointed a receiver. To this judgment the plaintiffs in error excepted and sued out their writ of error, and in their bill of exceptions assigned error upon the judgment appointing a receiver and various other rulings made in the case.

██ The court did not err in overruling the demurrer to the petition filed by plaintiffs in error, upon the ground that there was a misjoinder of parties and causes of action. Both of the parties defendant to the action were so related to the subject-matter of the suit and to one another as to make them necessary and proper parties; especially in view of the allegations in paragraph 6 of the petition, which is as follows: "Petitioner shows that W. B. Adams is a legatee under the will of Mrs. P. A. Adams, deceased, and as such legatee is entitled to the estate, but the executor, W. M. Adams, has failed and refused, and continuously fails and refuses to make any effort to collect the sum due the estate by the said W. B. Adams; that W. B. Adams and W. M. Adams are living together on said one hundred-acre tract of land and converting all the profits therefrom to their own use and disregarding petitioner's

rights in and to the same, and the said W. M. and W. B. Adams have formed a collusion to defraud this petitioner of his rights under said will and of his legacy named therein."

■ Nor is there any merit in the 3d ground of the demurrer, that a court of equity has no jurisdiction, because it appears that a petition or citation for settlement had already been filed before this proceeding was filed. There was a petition or citation for a settlement, and by appeal it was carried to the superior court, and there the issues made were heard by an auditor, and all the material issues were decided against W. M. Adams; and there was a judgment of the superior court overruling the exceptions filed by Adams to the auditor's report.

■ In view of the findings in the auditor's report, which were fully detailed, the charge that W. M. Adams had squandered funds belonging to the estate was not insufficient because too vague and indefinite.

■ The petition in the case sets forth allegations which make a case of which a court of equity will take jurisdiction, and which, if proved, entitle petitioner to the relief sought; and the court properly overruled the general demurrer.

■ The grounds of special demurrer not referred to are without merit.

■ After certain evidence had been introduced by the plaintiff, W. B. Adams amended his answer and in the amendment alleged: "That the judgment in Campbell superior court in favor of W. M. Adams, executor, for use of W. R. Bishop, founded on the report of the auditor, on exceptions of law and fact of your defendant to the report of the auditor in the case of W. R. Bishop v. W. M. Adams, executor, et al., appealed from citation for settlement from court of ordinary of Campbell County, Georgia, is absolutely void, for the following reasons: "1. The ordinary or court of ordinary or Campbell superior court had no jurisdiction in a citation for settlement against the said executor to render judgment against your defendant, W. B. Adams, a devisee and legatee under the will of Mrs. P. A. Adams, and was wholly without jurisdiction of the subject-matter, and the superior court on appeal was without jurisdiction, having no higher jurisdiction than the ordinary or court of ordinary in the case and no other jurisdiction than the said ordinary or court of ordinary, and the judgment is therefore

void. 2. The said judgment is further void for the following reason: It was rendered in a common-law case on exceptions of fact and law of your defendant to the finding of the auditor in the above-stated citation for a settlement on appeal, the same not being an equity case, by the court, without submitting the exceptions of fact to a jury and without the exceptions of fact being passed on by the jury, said judgment being rendered in vacation and without the exceptions of fact being passed on by a jury." The court refused to allow the amendment. *Held,* that this was not error. There is no reason shown why the judgment rendered by the court, alleged to be void, was actually void. If the judgment attacked was erroneous or void, it should have been excepted to, and the answer should show that it was excepted to.

■ The court did not err in disallowing an amendment filed by W. B. Adams in which he set up the following: "1. That defendant filed his petition in voluntary bankruptcy in the United States court in and for the Northern District of Georgia, and on June 10, 1931, was duly adjudicated a bankrupt in said court. 2. That the said United States court has jurisdiction of the property of petitioner and obtained jurisdiction of the same by virtue of said bankruptcy proceedings. The superior court of Campbell County lost jurisdiction of the same. 3. That, over the objections of the plaintiff W. R. Bishop and Frank T. Grizzard and the receiver in the State court, a homestead was granted and allowed him in the one-half interest in the 100 acres of land set forth in the petition, willed him in the will of Mrs. P. A. Adams. 4. That the claims of W. R. Bishop and Frank T. Grizzard were duly scheduled in his petition in said bankruptcy proceedings, and are dischargeable in. said bankruptcy proceedings. 5. That said bankruptcy proceedings are still pending in said United States court." In the first place, the claim of petitioner in this case was of such a character that the bankruptcy court would not allow a homestead against it. But even if this were not true, it appears from an order in the record that although the referee in bankruptcy passed an order allowing a homestead, he also passed an order holding that the questions raised by objections to the homestead were questions which should be properly determined in the State court, etc.

■ In view of the rulings made above, the court did not err in

allowing the auditor, who had proved an account for his fees, to intervene as a party plaintiff.

None of the other assignments of error are meritorious.

*Judgment affirmed.* *All the Justices concur.*